United States District Court
Southern District of Texas
**ENTERED**
April 27, 2022
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STOLLER ENTERPRISES, INC., THE STOLLER GROUP, INC., and STOLLER USA, INC., | § § § § | |
| *Plaintiffs*, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:20-CV-00750 |
| FINE AGROCHEMICALS LTD., FINE AMERICAS INC., CJB INDUSTRIES, INC., and VIVID LIFE SCIENCES, LLC, | § § § § § | |
| *Defendants*. | § § | |

## ORDER

Before the Court are various motions to dismiss filed by both sides of this lawsuit. Plaintiffs Stoller Enterprise, Inc., The Stoller Group, Inc., and Stoller USA, Inc. (collectively, "Stoller" or "Plaintiffs") filed their Renewed Motion to Dismiss Counterclaims and to Strike Affirmative Defenses of Inequitable Conduct Under Rules 9 and 12. (Doc. No. 112). Defendants Fine Agrochemicals LTD, Fine Americas Inc., CJB Industries, Inc. and Vivid Life Sciences, LLC (collectively, "Defendants") have responded (Doc. No. 118) and Plaintiffs have replied (Doc. No. 120).[1]

Defendant CJB Industries, Inc. has filed a Motion to Dismiss Count II of the Fourth Amended Complaint (Doc. No. 110) to which Stoller has filed a response in opposition (Doc. No. 114).

---

[1] Plaintiffs' Motion to Dismiss Claims and Counterclaims and to Strike Affirmative Defenses of Inequitable Conduct Under Rules 9 and 12 (Doc. No. 90) is amended by this Renewed Motion to Dismiss (Doc. No. 112). Thus, the initial pleading (Doc. No. 90) is dismissed as moot.

1

I.  **Legal Standard**

A defendant (or in the appropriate circumstances, a plaintiff) may file a motion to dismiss a complaint (or counterclaim) under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). Nevertheless, the court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.* The court may also consider documents that a defendant attaches to a motion to dismiss, if the documents are "referred to in the plaintiff's complaint and are central to [the] claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 500 (5th Cir. 2000); *see also Johnson v. Wells Fargo Bank, NA*, 999 F. Supp. 2d 919, 926 (N.D. Tex. 2014) (Lynn, J.).

2

## II. Plaintiffs' Renewed Motion to Dismiss Counterclaims

Plaintiffs have premised their motion upon Rule 12(b)(6) (failure to state a claim) and Rule 12(c) (judgment on the pleadings). (Doc. No. 112 at 6).[2] The motion is directed at Defendants' counterclaims that contain allegations of inequitable conduct. Plaintiffs' main factual contention is that Defendants have taken certain "transcription errors" concerning the stability testing data in the patent application that ultimately resulted in the issuance of the '883 patent—one of the two patents at issue in this case—and blown those errors completely out of proportion and transformed them into a fraud/inequitable conduct claim. Their main legal contention is that Defendants do not allege such fraud in conformance with the particularity requirement of Rule 9(b) and that they fail to plead facts that would support a "plausible inference that materiality and intent can be proven by clear and convincing evidence." (Doc. No. 112 at 9).

Throughout the motion, Plaintiffs refer to the '883 patent prosecution file (portions of which are attached as exhibits to the Original Complaint (Doc. No. 1-1)), as well as the '229 patent files, which are attached to the original Motion to Dismiss (Doc. No. 90-2). Plaintiffs question the inferences and interpretations Defendants use in their counterclaim. Plaintiffs reject the inferences drawn by Defendants and argue that the Court should accept their inferences and interpretations. (*See, e.g.*, Doc. No. 112 at 13–14) (arguing that Defendants' inferences about the alleged mistakes in the '883 patent applications were wrong and then arguing that "[t]he most reasonable

---

[2] Plaintiffs have also moved to strike the Counterclaim under Rule 12(f). The Court first notes that the pleading in question does not fall under the actual category of being "redundant, immaterial, impertinent, or scandalous." FED. R. CIV. P. 12(f). Thus, it is not subject to being struck for any of those reasons. Nevertheless, Rule 12(f) has been recognized as an appropriate vehicle to use in instances where it is impossible for a claimant to prevail as the claim has been pleaded. *See, e.g., Free v. Allstate Indem. Co.*, 541 F. Supp. 3d 767, 769–70 (E.D. Tex. 2021). In that regard, "[c]ourts apply the same standard in ruling on a motion to strike under Rule 12(f) and a motion for judgment on the pleadings under Rule 12(c) as in determining a motion to dismiss under Rule 12(b)(6)." *Barasich v. Shell Pipeline Co., LP*, 2008 WL 6468611, at *2 (E.D. La. June 19, 2008). That being the case, the Court will confine its analysis below to Rule 12(b)(6), but its ruling will effectively deny all arguments for dismissal, including those made under either Rule 12(f) or Rule 12(c).

3

inference . . . is that Stoller first became aware of the errors when Fine asserted its inequitable conduct claim").

A Rule 12 motion to dismiss is not a vehicle that the Court can utilize to weigh inferences. Moreover, Defendants have pleaded that Plaintiffs either acted intentionally and that Dr. Sheth possessed "specific intent to deceive." (Doc. No. 111 at 28, 37, 42). While Plaintiffs may be correct in their characterization that the errors were "transcription errors" (Doc. No. 112 at 1), Rule 12 requires the Court to take the pleaded facts as true and to view them in the light most favorable to the plaintiff or, in this instance, the counter-plaintiff. *See Sonnier*, 509 F.3d at 675. The counterclaim's pleading as to intent and knowledge is sufficient.

Plaintiffs also attack the perceived lack of pleaded facts concerning materiality. (Doc. No. 112 at 15–17). They maintain that Defendants do not allege how the claim was material to any specific claim or limitation of claim in either patent.

Defendants allege the factual omissions were intentional and material and were intended to deceive the United States Patent and Trademark Office (USPTO). Additionally, they allege materiality exists because "but for" the non-disclosures, the '883 patent would not have issued. (Doc. No. 111 at 28, 35, 42–43). As support, they have pleaded that when the non-disclosed information was finally disclosed (as part of the '452 application process), it led USPTO to reject the application (which claimed the benefit of both the '883 and '229 patents and recited a similar claim scope as the '883 patent). (*Id.* at 43).

While this Court does not agree with Defendants that this action "confirms" the "but for" materiality as pleaded, it does confirm that facts have been pleaded that allegedly show materiality. Certainly, if these allegations are not true or if they are not supported as a matter of law, then the claim can be attacked by a proper Rule 56 motion.

4

The Plaintiffs' Renewed Motion to Dismiss Counterclaims and to Strike Affirmative Defenses of Inequitable Conduct Under Rules 9 and 12 (Doc. No. 112) is denied.

## III. CJB's Motion to Dismiss

CJB, a defendant herein, has filed a Motion to Dismiss Count II of the Fourth Amended Complaint. (Doc. No. 110). Count II purports to allege a cause of action against all defendants for inducing patent infringements. (Doc. No. 108 at 9–14). CJB contends that Plaintiffs have failed to allege that Fine "knowingly induced" or had the specific intent to encourage another's infringement. (Doc. No. 110 at 10–12). While its Table of Contents suggests this Court look at the pleadings against Fine, the overall tenor of CJB's motion is that the allegations against it are insufficient.[3] Since the motion itself addresses the claims against CJB, the Court will address CJB's motion as if it is a motion to dismiss the claims against it, not Fine Agrochemicals Ltd. or Fine Americas Inc. (the "Fine Defendants").

CJB claims that Plaintiffs have not pleaded a plausible claim that it induced another or possessed the requisite intent to encourage another to infringe on the patents in question. Plaintiffs, unsurprisingly, claim otherwise. A cause of action for induced infringement has two or three elements, depending on which court is writing the opinion. Regardless of how they are numbered, the elements are still the same. First, there must be actual infringement. *ACCO Brands, Inc. v. ABA Locks Mfrs. Co., Ltd.*, 501 F.3d 1307, 1312 (Fed. Cir. 2007). Plaintiffs have pleaded actual infringement at length, and CJB does not attack the complaint in this regard. Second, the plaintiff must plead and prove that the alleged culprit knowingly induced infringement and possessed specific intent to encourage another's infringement. *Id.*[4] The Circuit in *ACCO Brands* set a simple

---

[3] The first page of the motion states, "[t]hese pleadings confirm that Stoller cannot make a plausible allegation that CJB also has an independent specific intent to induce others . . . ." (Doc. No. 110 at 6).

[4] Some courts view induced infringement as a three-element test, dividing this second element into two parts. *See, e.g., CyWee Grp. Ltd. v. HTC Corp.*, 312 F. Supp. 3d 974, 977 (W.D. Wash. 2018).

5

standard: the defendant had to know or should have known their actions would induce the actual infringement. *Id.*

Plaintiffs in this action have pleaded that CJB had knowledge (or should have had knowledge) in several ways. First, the complaint directly claims that CJB had knowledge because Plaintiffs sent it a notice letter that directly informed them. (Doc. No. 108 at ¶ 38). That, in and of itself, is sufficient as a pleading of knowledge.

With regard to inducing infringement and the intent to encourage others to induce, Plaintiffs have pleaded:

> 13. Fine engaged CJB as a contract manufacturer, who made product in Georgia that was sold throughout the United States. Vivid acted as a distributor of the Vigeo® product and was induced into selling the product by CJB and Fine. At least since November 2018 when CJB and Vivid received notice letters, Defendants knowingly sold the Vigeo® product with full knowledge that it infringed U.S. Patent No. 10,104,883. Fine has also engaged Growmark, Inc. and/or Exacto, Inc. to distribute a product named Periscope, and Wilbur Elis to distribute a product made by CJB named Advantigro® throughout the United States with full knowledge that it infringed U.S. Patent No. 10,104,883. CJB manufactured various infringing formulations including Advantigro, Hone, Crest, Revel, Seed Fuel, Luster, Throttle, Vigeo®, Mascrop and Maxport.
>
> 59. Defendants CJB has and continues to receive active ingredients purporting to be manufactured by Fine and to warehouse those actives for use in formulations for Fine and for others, including repackaging the active ingredients as requested by Fine for Winfield. *All the while CJB has known they were holding product shipped to a manufacturing facility for Winfield in Dodge City, Kansas for the purpose of making infringing products.*
>
> 62. *Defendants Fine and CJB are liable for directing activities that result in infringement, and are inducing infringement, under 35 U.S.C. § 271(b).* Fine has provided its formulation for manufacture to CJB and Winfield with the affirmative intent to have CJB and Winfield directly infringe the patent and knew or should have known that the product formulation would infringe the '883 Patent and the '229 patent. Fine directed CJB and Winfield to distribute, and continues to direct CJB and Winfield to distribute, its formulation by and through at least Vivid and others, and CJB directed Vivid to sell product under at least the brand Vigeo®. Both Fine and *CJB had the affirmative intent to have CJB, Winfield, and Vivid directly infringe the patent and knew or should have known that the product formulation would infringe* the '883 patent and the '229 patent as Fine, Vivid,

6

Winfield, and CJB were well aware of the patent and its scope at the time of their infringement. *Fine and CJB induced Winfield by, among other things, supplying them with the active ingredients from facilities controlled by CJB and Fine.*

(Doc. No. 108 at ¶¶ 13, 59, 62) (emphases added).

These allegations are specific and satisfy the requirements of Rule 12.

Finally, CJB complains that most of Plaintiffs' allegations indicate that it is acting at the direction of the Fine Defendants. That observation may certainly be true to an extent, but even if true it is not exculpatory. Acting at the direction of another does not extinguish one's own liability for inducing a third entity to infringe upon a patent.

CJB's Motion to Dismiss Count II of the Fourth Amended Complaint (Doc. No. 110) is denied.

### IV. Conclusion

Plaintiffs' Renewed Motion to Dismiss Counterclaims and to Strike Affirmative Defenses of Inequitable Conduct Under Rules 9 and 12 (Doc. No. 112) is denied. CJB's Motion to Dismiss Count II of the Fourth Amended Complaint (Doc. No. 110) is also denied.

SIGNED at Houston, Texas this 27 day of April, 2022.

Andrew S. Hanen
United States District Judge

7